People v Walters (2020 NY Slip Op 02977)





People v Walters


2020 NY Slip Op 02977


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11546 1859N/11

[*1] The People of the State of New York, Respondent,
v
Tefsa Walters, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Angie Louie of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered July 17, 2012, as amended August 2, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, criminal use of drug paraphernalia in the second degree and criminal possession of marijuana in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of six years, unanimously affirmed.
The court properly admitted recordings of phone calls defendant made while in custody. Some of the calls at issue do not implicate uncharged crimes because they were directly relevant to crimes with which defendant was charged (see People v Frumusa, 29 NY3d 364, 370 [2017]). The other call at issue, in which defendant's friend informed him of drug sales that he and another person had made after defendant's arrest does implicate uncharged crimes, but they were plainly relevant to whether defendant possessed the intent required to commit criminal possession of a controlled substance in the third degree (see People v Ingram, 71 NY2d 474 [1988]; People v Robles, 159 AD3d 479 [2018], lv denied 31 NY3d 1121 [2018]). As to all of the calls, we find that the court providently exercised its discretion in finding that their probative value outweighed any potential for prejudice, and, in any event, any error in admitting the evidence was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's constitutional arguments are unpreserved and we decline to review them in the interest of justice.
The court also providently exercised its discretion when it ruled that questions by defense counsel, during cross-examination of a detective who participated in the execution of the warrant that led to defendant's arrest, opened the door to the detective's testimony that there was evidence that drugs were being sold out of the apartment, and that a person fitting defendant's description was one of the two targets (see People v Massie, 2 NY3d 179 [2004]). The carefully limited ruling properly responded to questioning that "might otherwise mislead the fact finder" (id. at 180), and the court provided suitable jury instructions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK